28 F.3d 1295
 307 U.S.App.D.C. 428
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Marlene C. MCGUIRL; James F. McGuirl, Appellants,
v.
William D. WHITE.
 No. 94-7073.
 United States Court of Appeals, District of Columbia Circuit.
 July 1, 1994.
 
 Before: WALD, RANDOLPH and ROGERS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the court's order to show cause filed April 11, 1994, and the response thereto, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that the appeal be dismissed. Appellants are seeking to re-appeal the district court's August 23, 1993 order, the appeal of which this court dismissed as premature. See No. 93-7173, unpublished order (D.C.Cir. Feb. 2, 1994). Section 158(d) of Title 28 of the United States Code does not confer jurisdiction on the court of appeals over interlocutory orders entered by the district court in bankruptcy. See Connecticut Nat'l Bank v. Germain, 112 S.Ct. 1146, 1149 (1992); In Re Westwood Shake and Shingle, Inc., 971 F.2d 387, 390-91 (9th Cir.1992). The bankruptcy court has rendered a final decision, and after the district court issues a final decision on appellants' appeal from the bankruptcy court's final decision, appellants may then seek review in this court. See In re Allen, 896 F.2d 416, 418 (9th Cir.1990) (per curiam). The appeal from the district court's final judgment will then bring up for review the antecedent interlocutory order of the district court. See Firestone Tire and Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981) (party must ordinarily raise all claims of error in a single appeal following final judgment on the merits). See also 9 James W. Moore, et al., Moore's Federal Practice p 110.25 at 302 (2d ed. 1994).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.